IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY ORTIZ, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3100 |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                            **NOVEMBER 24, 2021**

      Plaintiff Andy Ortiz, a convicted prisoner[1] incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights.[2] (ECF No. 2.) He has also filed a

---

[1] In his Complaint, Ortiz checked boxes indicating that he was a pretrial detainee and a civilly committed detainee (ECF No. 2 at 13.) Review of the publicly available docket reflects that on March 5, 2021, Ortiz pled guilty to rape of a child and numerous related offenses. *Commonwealth v. Ortiz*, No. CP-51-CR-1258-2020 (C.P. Phila.) On October 7, 20201, while awaiting sentencing, Ortiz filed a motion to withdraw his guilty plea. That motion remains pending. (*Id.*)

[2] Since filing his original Complaint, Ortiz has filed four additional documents. (*See* ECF Nos. 9, 10, 11 and 12.) The documents do not satisfy the Rules of Civil Procedure applicable to pleadings and, therefore, are not construed as amended complaints. The documents are styled as letters that describe events Ortiz has experienced while incarcerated. Other than ECF No. 11, they do not bear captions. None of them identify defendants or legal claims, none set forth facts in separate numbered paragraphs. Thus, they cannot be construed as amended complaints since they do not comply with the requirements of Federal Rules of Civil Procedure 8 and 10.

Moreover, Ortiz may not have appreciated that by filing - or attempting to file - an amended complaint, he was effectively abandoning claims raised in his initial Complaint. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity . . . . Thus, the most recently filed amended complaint becomes the operative pleading.") Furthermore, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam). "Therefore, as a practical matter, the filing of

1

Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 1.) Ortiz's Complaint names the following Defendants: (1) Corrections Officer H. Lawton, (2) Sargent David Gill, (3) Major Martin, (4) Blanche Carney, (5) Philadelphia Department of Prisons, and (6) the City of Philadelphia.[3] Defendants Lawton, Gill and Martin are sued in their individual capacities; Defendant Carney is sued in her official capacity. For the following reasons, the Court will grant Ortiz leave to proceed *in forma pauperis*, permit him to proceed on his failure to protect claim against Defendant Lawton, and dismiss the remainder of his Complaint for failure to state a claim. Ortiz will be granted leave to file an amended complaint if he so chooses.

---

amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, Civ. A. No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, Civ. A. No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012). The Court, therefore, considers Ortiz's original Complaint to be the operative pleading in this matter.

Because he will be granted leave to amend his Complaint, Ortiz may include in any amended complaint claims he intended to raise in the above filings.

[3] Additionally, Ortiz includes a page in his Complaint that states, "These are officers in the incident." (ECF No. 2 at 5.) The page includes three columns of names. The first includes Lt. Horsey, Sgt. White, Major Martain (the Court understands this to be a misspelling and believes Ortiz is referring to Defendant Martin) and COs Petel, Amazon, Barnett, Bailey, and Tita. A reference below the names states, "Punch on me." (*Id.*) The second column includes Sgt. Crawford, Sgt. David Gill, Major Martain, CO H. Lawton, and Gabriel Correa PP# 1212835. A reference below the names states, "Stabbings." (*Id.*) The third column identifies COs S. Blacksheer and A. Jones, Donte Parker, Eric McDail, and Sgt. V. White. A reference below these names states, "Targeted." (*Id.*) It is unclear whether Ortiz intends to assert claims against these individuals, who are not otherwise named as Defendants.

I[4]

Ortiz alleges he was stabbed in the head and on the bridge of his nose during the night of March 4, 2020 while in his cell at the Philadelphia Industrial Correctional Center. (*Id.* at 6, 7.) He was sent to the hospital for treatment, where he received stitches and had pictures taken of his injuries. (*Id.* at 6.) Ortiz also alleges that "CO H. Lawton wrote a report we where [sic] fighting when he saw me bleeding he walked away from the cell instead of removing me. Sgt. Gill did not allow me to talk to Internal Affairs when I asked. Also with Major Martain." (*Id.* at 4.) Ortiz claims that the foregoing conduct violated his right to "safety and protection from abuse and use of force. Also failure to keep me safe." (*Id.* at 3.) He claims that he suffered injuries, including deep cuts on his head, hand and nose. He demands $ 5 million in compensatory damages for injuries to his head and nose and for the failure to ensure his safety. (*Id.* at 6.) He also requests that charges be brought against Gabriel Correa PP# 1212835, the inmate who stabbed him. (*Id.* at 6, 8.)

II

The Court will grant Ortiz leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

---

[4] The allegations are taken from the Complaint (ECF No. 2). The Court adopts the pagination assigned by the CM/ECF docketing system.

[5] However, as Ortiz is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ortiz is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A

Ortiz includes the Philadelphia Department of Prisons as a Defendant in the caption of his Complaint. As the United States Court of Appeals for the Third Circuit has held, "the Philadelphia Prison System, [a] department[ ] of the City of Philadelphia

itself, [is] not [a] proper defendant[ ]" in an action brought under § 1983. *Russell v. City of Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, Civ. A. No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia.") (citing 53 Pa. Cons. Stat. Ann. § 16257). Because the Philadelphia Department of Prisons is not considered a "person" for purposes of § 1983, *Durham*, 2018 WL 3105589 at *2 (citing *Peele v. Philadelphia Prison Sys.*, Civ. A. No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)), Ortiz's claim against it is dismissed with prejudice.

B

Ortiz includes an official capacity claim for money damages against Defendant Carney, who is alleged to be the Commissioner of Prisons. (ECF No. 2 at 3.) Claims against county and municipal officials named in their official capacity are indistinguishable from claims against the local government entities that employ them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). That is because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166.

To state a claim for municipal liability, a plaintiff must allege that the municipality's policy or custom caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what

exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Alternatively, a plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 f.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Ortiz's Complaint lacks any allegations connecting the alleged constitutional violations he suffered to any municipal policy or custom, or to any failure to train,

supervise or discipline. The Court will therefore dismiss Ortiz's claim against Defendant Carney in her official capacity as not plausible. For the same reasons, the Court will dismiss Ortiz's claim against the City of Philadelphia as not plausible. However, Ortiz will be granted leave to amend these claims. Ortiz's claims against the Defendants in their individual capacities are addressed below.

C

The gravamen of Ortiz's Complaint is that he was stabbed by inmate Gabriel Correa during the night, requiring medical attention. Describing the event, he alleges that Defendant Lawton observed the incident and observed Ortiz bleeding, but walked away. He alleges that, presumably after the incident, Defendant Gill did not permit Ortiz to speak with Internal Affairs. Ortiz also alleges "Also with Major Martin." Based on this conduct, Ortiz asserts a claim based on prison officials' failure to protect him from inmate Gabriel Correa.

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a prisoner must assert that prison officials acted with deliberate indifference,

7

meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

In the context of suits against prison officials for failure to protect an inmate from harm caused by other inmates, the Third Circuit Court of Appeals has stated that where a prison official is deliberately indifferent to a pervasive risk of harm to an inmate, an inmate may obtain relief in a § 1983 action. *Young v. Quinlan*, 960 F.2d 351, 361 (1992) (superseded by statute on other grounds as stated in *Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000). In *Young*, the Third Circuit expressly found that summary judgment against an inmate's claim was inappropriate where prison officials were warned by an inmate that the inmate was concerned about his safety and it was undisputed that the prison officials, aware of the warning, either did nothing or their response, if any, came too late to be of any help to the inmate. *Id.* at 363.

In elaborating on the deliberate indifference standard, the Third Circuit stated that "a prison official is deliberately indifferent when he knows or should have known of a sufficiently serious danger to an inmate." *Id.* at 361. Noting that the phrase

8

"should have known" is a term of art, the Court went on to state that the phrase "should have known"

> [d]oes not refer to a failure to note a risk that would be perceived with the use of ordinary prudence. It connotes something more than a negligent failure to appreciate the risk . . . , though something less than subjective appreciation of that risk.

*Id.*, citing *Colburn v. Upper Darby Township*, 946 F.2d 1017 (3rd Cir. 1991).

Furthermore, the "strong likelihood of [harm] must be 'so obvious that a lay person would easily recognize the necessity for' preventive action." *Young*, 960 F.2d at 361, (citing *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987)). There must not only be a great risk of injury, but it must also be so apparent "that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges." *Colburn*, 946 F.2d at 1025.

Here, Ortiz asserts that Defendant Lawton saw the stabbing and Ortiz bleeding, but walked away without removing Ortiz from the situation. (ECF No. 2 at 4.) This adequately states a plausible claim for failure to protect against Defendant Lawton.

Ortiz alleges that Defendant Gill did not allow Ortiz to talk to Internal Affairs. (*Id.*) Ortiz does not allege that Gill otherwise knew or should have known of the danger associated with the stabbing at a time when he could have engaged in preventive action. Similarly, the vague reference to Defendant Martin – "Also with Major Martain" – does not reflect that he was or should have been aware of the danger posed by inmate Correa, and did nothing to act on that knowledge. Thus, Ortiz has not stated a plausible claim for failure to protect against either Defendant Gill or Defendant Martin and his claims against these Defendants will be dismissed. Because the Court

9

cannot state with certainty that Ortiz cannot state plausible claims against these Defendants, he will be permitted to file an amended complaint.

D

Read liberally, Ortiz's allegation that Defendant Gill did not allow him to contact Internal Affairs following the stabbing could be construed as a claim that Defendant Gill interfered with Ortiz's ability to participate in the prison grievance process. However, "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Ortiz as against Defendant Gill do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

E

Ortiz included in the Complaint a page that states, "These are officers in the incident." (ECF No. 2 at 5.) The page includes three columns of names. The first includes Lt. Horsey, Sgt. White, Major Martain[6] and COs Petel, Amazon, Barnett, Bailey, and Tita. A reference below the names states, "Punch on me." (*Id.*) The second column includes Sgt. Crawford, Sgt. David Gill, Major Martain, CO H. Lawton, and Gabriel Correa PP# 1212835.[7] A reference below the names states, "Stabbings." (*Id.*) The third column identifies COs S. Blacksheer and A. Jones, Donte Parker, Eric McDail, and Sgt. V. White. A reference below these names states, "Targeted." (*Id.*)

---

[6] The Court understands this to be a misspelling and believes Ortiz to be referring to Defendant Martin.

[7] Correa, an inmate, is not a state actor and therefore not a proper defendant in a § 1983 action. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011).

Defendants Gill, Martin and Lawton are referenced elsewhere in the Complaint, but the other listed individuals are not. To the extent Ortiz intended to assert claims against these individuals, he has failed to state plausible claims because the Complaint does not include any factual allegations that they engaged in the incident giving rise to Ortiz's claims.[8] Because there is no allegation that they were personally involved in the incident, *see Rode*, 845 F.2d at 1207, any claim against them is not plausible. Ortiz will, however, be allowed to amend his Complaint to add claims against these individuals if he is capable of curing the defect the Court has identified.

IV

For the foregoing reasons, the Court will grant Ortiz's request for leave to proceed *in forma pauperis*. Ortiz's failure to protect claim against Defendant Lawton will be served for a responsive pleading. The Court will dismiss with prejudice Ortiz's claim against the Department of Prisons and Ortiz's claim Against Defendant Gill based on interference with the grievance process. Ortiz's official capacity claims, and his claims against Defendants Gill and Martin in their individual capacities will be dismissed without prejudice. Ortiz will be given the option of proceeding on his claim against Defendant Lawton only or filing an amended complaint to cure the defects the Court has identified in his Eighth Amendment failure to protect claim against other Defendants and to otherwise amend his Complaint to add claims previously omitted.. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Finally, Ortiz's requests for appointment of counsel (ECF Nos. 7 and 12) will be denied without

---

[8] The referenced page suggests that Ortiz may have intended to assert an excessive force claim or a retaliation claim of some kind, but the Complaint does not include any allegations describing any event except the stabbing.

prejudice as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim"). An Order follows, which shall be docketed separately.

                                            **BY THE COURT:**

                                        */s/ Gerald J. Pappert*
                                        **GERALD J. PAPPERT, J.**