IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY ORTIZ,<br>    *Plaintiff*, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 21-CV-3100 |
| CITY OF PHILADELPHIA, *et al.*,<br>    *Defendants*. | : <br> : <br> : | |

## ORDER

AND NOW, this 24th day of November, 2021, upon consideration of Plaintiff Andy Ortiz's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 8), his *pro se* Complaint (ECF No. 2), and his requests for appointment of counsel (ECF Nos. 7 and 12), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Andy Ortiz, # 1212917, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Curran-Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Ortiz's inmate account; or (b) the average monthly balance in Ortiz's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Ortiz's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income

credited to Ortiz's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

    3.    The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Curran-Fromhold Correctional Facility.

    4.    The Complaint is **DEEMED** filed.

    5.    For the reasons stated in the Court's Memorandum, the Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

        a.    All claims against the Department of Prisons and all claims based on interference with the grievance process are **DISMISSED WITH PREJUDICE**.

        b.    Ortiz's official capacity claims against Defendant Blanche and the City of Philadelphia, and his individual capacity claims against Defendants Gill and Martin are **DISMISSED WITHOUT PREJUDICE**.

    6.    Ortiz may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Ortiz's claims against each defendant.  The amended complaint shall be a complete document that includes all of Ortiz;s claims, including his claim against Defendant Lawton.  It may not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Ortiz should be mindful of the Court's reasons for dismissing the claims in

his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Ortiz a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Ortiz may use this form to file his amended complaint if he chooses to do so.[1]

8. If Ortiz does not file an amended complaint the Court will direct service of his initial Complaint on Defendant Lawton **only**. Ortiz may also notify the Court that he seeks to proceed on this claim rather than file an amended complaint. If he files such a notice, Ortiz is reminded to include the case number for this case, 21-3100.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

10. Ortiz's requests for appointment of counsel (ECF Nos. 7 and 12) are denied without prejudice as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim").

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.